UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CRAIG MCATEE and LEE ANN MCATEE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:10-cv-1090-SEB-DKL |
| BUCA RESTAURANTS, INC., d/b/a BUCA DI BEPPO, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' PROPOSED EXPERT**

This cause is now before the Court on Defendant's Motion to Strike Plaintiffs' Proposed Expert [Docket No. 53], filed on September 15, 2011. For the reasons detailed below, the motion is <u>DENIED</u>.

**Factual Background**

Plaintiffs, Craig McAtee and Lee Ann McAtee, bring this claim against Defendant, Buca Restaurants, Inc., d/b/a Buca Di Beppo ("Buca"), alleging that Defendant was negligent in maintaining the premises of its restaurant, and that, as a result, Mr. McAtee slipped and fell, suffering serious and permanent physical injuries.

Plaintiffs were ordered to serve disclosures and reports pursuant to Federal Rule of

Civil Procedure 26(a)(2) by July 1, 2011.  On July 6, 2011,[1] Plaintiffs disclosed a number of experts, but did not include any experts in the field of toxicology.  Plaintiffs' final witness and exhibit lists were due on August 10, 2011, which were filed with the Court on that date and also did not include a toxicology expert.

On September 1, 2011, Defendant served disclosures and reports from Charles Hamburg, a professor in hospitality management and owner of Creative Hospitality Associates, LLC.  Mr. Hamburg, whose company recently created an alcohol awareness program used to train and certify hotels, restaurants, and food service establishments in the State of Illinois, opined that Mr. McAtee's consumption of one alcoholic beverage before entering Defendant's establishment and further consumption of two alcoholic beverages during dinner could have resulted in a loss of physical coordination, loss of balance, unsteady gait, irritability, and slowed thinking.[2]

On September 2, 2011, the day after receiving Mr. Hamburg's report, Plaintiffs consulted for the first time with Daniel McCoy, Ph.D., the expert Defendant now seeks to strike.  On September 6, 2011, Dr. McCoy provided a report to Plaintiffs opining that Mr. McAtee's blood alcohol level would not have exceeded .01 or .02 as a result of the alcohol consumption, that he would not have been intoxicated, and that he would not have suffered the physical effects described by Mr. Hamburg.  Plaintiffs provided a

---

[1] Defendant notes that these disclosures were made after the July 1, 2011 deadline, but none of those disclosures are the subject of the instant motion to strike.

[2] It does not appear that Mr. Hamburg has any training in medicine or toxicology.

supplemental disclosure to Defendant that same day, identifying Dr. McCoy as an expert in the area of toxicology, a field which includes the assessment of blood alcohol levels and the resulting impairments that occur as a result of alcohol consumption. According to Plaintiffs, Dr. McCoy was identified as a rebuttal expert in response to the expert report of Mr. Hamburg. Defendant now moves to strike Dr. McCoy as a witness, arguing that the disclosure of his report is untimely because Plaintiffs should have been aware at the time they filed their initial disclosures that the question of whether Mr. McAtee was impaired or intoxicated could potentially be at issue in this litigation, and thus, should have identified a toxicology expert at that point.

Here, although the parties' Case Management Plan set deadlines for the parties' initial disclosures and reports required under Rule 26(a)(2)(B), it did not provide a deadline for disclosing rebuttal expert witnesses. Absent a stipulation or a court order regarding the time at which a rebuttal expert must be disclosed, Rule 26(a)(2)(D) provides that where "the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," such disclosures must be made "within 30 days after the other party's disclosure." Fed. R. Civ. Pro. 26(a)(2)(D)(ii). As discussed above, Defendant filed its expert witness disclosures on September 1, 2011 and Plaintiffs disclosed their rebuttal witness on September 6, 2011, well within the 30-day deadline. Thus, the only question is whether Plaintiffs were in fact disclosing a rebuttal witness or whether Dr. McCoy's testimony should have been disclosed as part of Plaintiffs' case in chief.

"'The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.'" Peals v. Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008) (quoting U.S. v. Grintjes, 237 F.3d 876, 879 (7th Cir. 2001)). However, if the testimony is offered only as additional support to an argument made in a party's case in chief, it cannot be considered rebuttal evidence. See Peals, 535 F.3d at 630. "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense) must put in his evidence on the issue as part of his case in chief." Braun v. Lorillard, Inc., 84 F.3d 230, 237 (7th Cir. 1996).

Upon review, we find that Dr. McCoy's report is within the scope of a proper rebuttal witness. It responds only to the conclusions of Mr. Hamburg regarding the possibility that Mr. McAtee's consumption of one alcoholic drink before dinner and two during dinner could have resulted in impairment. Dr. McCoy reviewed Mr. Hamburg's report, and, based on his training and experience, opined that, contrary to Mr. Hamburg's opinion, a man of Mr. McAtee's height and weight would not have been impaired as a result of consuming three alcoholic drinks. Dr. McCoy's report narrowly focuses on that one issue raised in Mr. Hamburg's report and does not address any other aspect of Plaintiffs' case.

Defendant's argument that Plaintiffs' counsel was "well aware" of the potential issue of Mr. McAtee's possible intoxication or impairment at the time of his alleged injury and therefore should have included Dr. McCoy in Plaintiffs' initial disclosures is

4

unavailing.  Our review of the record leaves us unconvinced that Plaintiffs should have been aware that this issue would be in contention.  Defendant argues that the June 8, 2011 deposition testimony of the manager of Buca, Richard Antonio "Chase" Romero, should have alerted Plaintiffs to the issue.  The pertinent part of Mr. Romero's testimony recites as follows:

> Q: When you saw Mr. McAtee did he appear intoxicated at all?
>
> A: He made a statement to the paramedics that he had a few drinks.  The state that I saw him in, you know, just based on my – I mean, when I see someone that's fallen or is shook up for whatever reason in life, based upon my experience as a police officer, I look back and reflect and go, is everything okay here, what's going on.  You know, from just his overall condition, he just looked injured.  I mean, I wasn't assessing whether or not he had been drinking.  I wasn't really –
>
> Q: Was he slurring his words or anything?
>
> A: A little bit, but it may have been because of the fall.  I don't know why he would have been.

In addition to this testimony, Mr. Romero also stated that his staff would not be allowed to serve alcohol to a patron who appeared intoxicated.  Exh. D, Romero Dep. at 57-58.

Although Mr. Romero was questioned about possible intoxication, this deposition testimony alone should not necessarily have led Plaintiffs' counsel to reasonably believe that Mr. Romero would testify that Mr. McAtee was intoxicated on the night of the incident or otherwise alerted Plaintiffs' counsel to the fact that Defendant intended to raise the issue of Mr. McAtee's possible impairment or intoxication.  Our conclusion is bolstered by the fact that Defendant's discovery responses, provided to Plaintiffs on

5

February 21, 2011, do not contain any mention of possible impairment or intoxication. Specifically, Defendant did not mention alcohol or impairment in response to Interrogatory No. 5, which requested each and every act which Defendant was asserting as fault on the part of Mr. McAtee. Defendant has failed to amend its responses to include an allegation of intoxication or impairment as fault on the part of Mr. McAtee.

For these reasons, we find that Dr. McCoy is a proper rebuttal witness whom Plaintiffs timely disclosed in accordance with Rule 26(a)(2)(D). Accordingly, Defendant's Motion to Strike is <u>DENIED</u>.

IT IS SO ORDERED.

Date: _____10/13/2011_____        _____*Sarah Evans Barker*_____

                                                                                     SARAH EVANS BARKER, JUDGE
                                                                                     United States District Court
                                                                                     Southern District of Indiana

Copies to:

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

John M. Krug
KOPKA PINKUS DOLIN & EADS, LLC
jmkrug@kopkalaw.com